UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 6:17-CR-43-REW-HAI-9 |
| v. | ) | |
| | ) | ORDER |
| DAVID RUSSELL, | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court following Defendant David Russell's final revocation hearing on four charges of violating conditions of supervised release. *See* DE 585 (Minute Entry). Russell is on supervision following a § 922(g)(1) conviction and carceral term from this District. *See* DE 316. After conducting the hearing, Judge Ingram recommended that the undersigned find that Russell committed Violations 1 and 2, dismiss Violations 3 and 4 (on the Government's motion), revoke Russell's supervision, and sentence him to a carceral term of 21 months, followed by 15 months of supervised release, placement in a BOP facility with a MAT program (if possible), and assessment for substance abuse treatment upon release. *See* DE 587 at 11 (Recommended Disposition). Judge Ingram informed Defendant of his right to object to the recommendation. *See id.* at 12. Defendant waived his right of allocution and offered no objection. *See* DE 588 (Signed Waiver). The prescribed fourteen-day objection period has expired, and neither Russell nor the United States objected to the Recommended Disposition.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not

raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Judge Ingram catalogued the full record and accounted for all considerations in a fitting and proper way. The Court thus, with no objection from any party and on full review of the record and Judge Ingram's thorough treatment, **ORDERS** as follows:

1. The Court **ADOPTS** DE 587 and **ADJUDGES** Defendant Russell to have committed Violations 1 and 2;

2. The Court **DISMISSES** Violations 3 and 4, without adjudication, per the Government's motion;

3. The Court **REVOKES** supervision and **SENTENCES** Russell to 21 months' imprisonment, to be followed by 15 months' supervised release;

4. The supervision terms shall be the same as imposed by Judge Van Tatenhove in the original judgment, DE 316;

5. The Court recommends placement in a BOP facility with a MAT program; and

6. The Court **ORDERS** an assessment for substance abuse treatment upon release, with Defendant to participate in any apt program recommended by the USPO.

The Court will enter an appropriate revocation judgment. Meth continues to bedevil Russell, and the system continues to react with both help and a hammer. Russell must find a path to a drug-free and non-criminal lifestyle if he ever hopes to enjoy sustained freedom in every sense of the word.

This the 13th day of March, 2023.

Signed By:
Robert E. Wier  *REW*
United States District Judge